*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-018

MAY TERM, 2015

| | |
|---|---|
| In re C.M., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Orange Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 5-1-13 Oejv |
| | |
| | Trial Judge: Howard A. Kalfus |

In the above-entitled cause, the Clerk will enter:

Mother appeals an order of the superior court's family division terminating her parental rights with respect to her daughter, C.M. We affirm.

The family court's findings, which are uncontested, reveal the following facts. C.M. was born in June 1999. She has severe post-traumatic stress disorder as the result of suffering, as the family court found, "horrible emotional and sexual abuse at the hands of family members," primarily by her older brother but also by her father and mother. C.M. and her brother were initially removed from their parents' care in 2006, when C.M. was seven, due to sexual abuse of C.M. by her brother. The children were returned to the family home in 2008, but the sexual abuse continued. C.M.'s older brother continued to sexually assault C.M., and later allegations of sexual abuse of C.M. by her parents were substantiated in March 2014.

In January 2013, the Department for Children and Families (DCF) filed a petition alleging that C.M. was a child in need of care or supervision (CHINS). In March 2013, the family court adjudicated C.M. CHINS based on her parents' stipulation that she was cutting herself, missing school, and not getting the counseling she needed. In May 2013, the court adopted a disposition case plan that had concurrent goals of reunification with either or both parents or, in the alternative, a planned permanent living arrangement.

Because of C.M.'s severe psychological and emotional problems, DCF was unable to successfully place her with a family. In August 2013, following several other specialized residential treatment placements, C.M. was admitted into the Brookside Intensive Care Unit of Hillcrest Educational Center, in Pittsford, Massachusetts, where she continues to live and is expected to stay until she reaches adulthood.

DCF filed a petition to terminate the parents' residual parental rights after their sexual abuse of C.M. was substantiated in March 2014. Following a one-day hearing in December 2014, the family court issued an order granting DCF's petition. The court concluded that changed circumstances were present as the result of stagnation, in particular the lack of contact between C.M. and either of her parents in over a year. The court further concluded that C.M's best interests warranted termination of her parents' parental rights because neither parent had

been part of C.M.'s life during the past eighteen months and neither one had played a constructive role in her life. Only mother appeals the family court's termination order. Both DCF and C.M. oppose mother's appeal.

On appeal, mother argues that terminating her parental rights at this juncture is unnecessary and potentially shortsighted, considering: (1) the consensus that C.M. will likely remain at Hillcrest for the remainder of her childhood; (2) mother's acknowledgement that contact between her and C.M. at this time would be detrimental to C.M.'s recovery; and (3) the possibility that at some point in the future such contact could be both desired by, and therapeutic for, C.M. We find no merit to this argument. Mother does not cite, and we have not found, any evidence in the record suggesting the possibility that maintaining mother's parental rights may prove to be therapeutic for C.M. at some point in the future. Indeed, the evidence indicated that C.M.'s recovery could be compromised by continuing contact with mother, and that it was in C.M.'s best interest to know with certainty that she would not have further contact with mother. In any event, the family court's decision is supported by its consideration of the applicable statutory best-interests criteria set forth in 33 V.S.A. § 5114(a). Nothing in those criteria require consideration of the particular permanency plan contemplated for the child or the likelihood of adoption. See In re S.B., 174 Vt. 427, 430 (2002) (mem.); In re L.A., 154 Vt. 147, 160 (1990). Nor do the criteria require the family court to assess the potential benefits of future parent-child contact when deciding whether termination of parental rights is in the child's best interests, particularly in a case such as this where the parents have not played a constructive role in the child's life.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2